# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

NANDA NWOKOCHA and :
CHIKA NWOKOCHA, :
 :
    Plaintiffs, :
 :
 : CIVIL ACTION NO.
v. : 1:08-CV-2997-JOF
 :
HARTFORD ACCIDENT AND :
INDEMNITY COMPANY, :
 :
    Defendant. :

## OPINION AND ORDER

This matter is before the court on Defendant's motion to dismiss [5] and Plaintiffs' motion to dismiss without prejudice [8].

Plaintiffs, Nanda and Chika Nwokocha, filed suit against Defendant, Hartford Accident & Indemnity Company, on August 22, 2008, in the Superior Court of DeKalb County, alleging that Defendant was liable for failure to pay claims under its insurance policy. Defendant removed the suit to this court and attempted to engage the litigation process. Defendant, however, could not get Plaintiffs to contribute their portions of the Joint Preliminary Report and Discovery Plan. Defendant served discovery requests on Plaintiffs and those requests were not answered, although Plaintiffs' counsel did call Defendant's counsel and say that responses and a draft of the Joint Preliminary Report and Discovery

Plan would be forthcoming. On February 26, 2009, after the promised deadline passed and Defendant's counsel had not received any information, Defendant filed a motion to dismiss with prejudice for failure to comply with the Federal Rules of Civil Procedure. Plaintiffs did not respond to Defendant's motion. The docket indicates that in April 2009, Plaintiffs retained new counsel. The same day Plaintiffs' new counsel filed a notice of appearance, he also filed the instant motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs offer no explanation for their motion. Defendant opposes the motion to dismiss without prejudice arguing that it has expended time and effort in adjusting Plaintiffs' claim prior to the lawsuit and in paying a portion of the claim. Defendant, therefore, asks that any dismissal be with prejudice. In the alternative, Defendant asks that if the court dismisses the case without prejudice, it award Defendant its attorney's fees in defending the instant complaint.

A plaintiff does not have an unfettered right to obtain a voluntary dismissal without prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[1] Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "[a]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." As Rule 41(a)(2) exists primarily for the protection of the defendant,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

the court must carefully consider the prejudice such a dismissal will have on the defendant. *LeCompte*, 528 F.2d at 604. Under some circumstances, a court may decline to allow the voluntary dismissal or condition it on the plaintiff paying a portion of the defendant's litigation expenses. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 860 (11th Cir. 1986). In "most cases, a [voluntary] dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* at 856-57 (emphasis in original).

In *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001) (per curiam), the plaintiff filed a products liability action against the defendant in state court. The defendant removed the suit to federal court and discovery began. The parties identified and deposed expert witnesses and the defendant filed a motion for summary judgment. While that motion was pending, the plaintiff filed a motion to voluntarily dismiss her complaint without prejudice. The defendant opposed the plaintiff's motion arguing that the defendant had incurred significant expense through discovery and that it would be improper to dismiss the plaintiff's complaint without prejudice while the defendant's motion for summary judgment was pending. *Id.* at 1255. The district court granted the plaintiff's motion to voluntarily dismiss without prejudice, but conditioned the dismissal by stating that the court would grant attorney's fees pursuant to Rule 41(d) if the plaintiff refiled her action. *Id.* at 1256.

3

On appeal, the *Pontenberg* court noted that when considering a voluntary dismissal under Rule 41(a)(2), the "crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Id.* at 1255 (quotation and citation omitted). Although the court recognized that discovery had expired and the defendant's motion for summary judgment was pending, the court nonetheless determined that "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Id.* at 1256. Furthermore, the court noted that the "mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Id.* at 1258. Thus, the court affirmed the district court's order. *But compare Stephens v. Georgia Department of Transportation*, 134 Fed. Appx. 320 (11th Cir. 2005) (district court properly denied plaintiff's request for voluntary dismissal without prejudice because it was filed two years after complaint was filed and during that time numerous motions had been filed, extensive discovery produced, and motions for summary judgment were pending).

Here, the procedural posture of this case is more akin to *Pontenberg* than *Stephens*. Further, because the court conditions Plaintiffs' dismissal, Defendant's work in defending Plaintiffs' suit will not be "nullified" by the court's entry of a voluntary dismissal without

4

prejudice. For the foregoing reasons, under the guidance of *Pontengberg*, the court finds that it is appropriate to grant Plaintiffs' motion to voluntarily dismiss their complaint without prejudice. The court's dismissal is conditioned such that if Plaintiffs refile their complaint, the court will award costs and attorney's fees against Plaintiffs pursuant to Federal Rule of Civil Procedure 41(d).

The court DENIES AS MOOT Defendant's motion to dismiss [5] and GRANTS Plaintiffs' voluntary motion to dismiss without prejudice [8]. The court notes that if Plaintiffs refile their complaint, the court will award costs and attorney's fees against Plaintiffs pursuant to Federal Rule of Civil Procedure 41(d). The Clerk of the Court is DIRECTED to DISMISS Plaintiffs' complaint WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 28th day of July 2009.

                                                                                s/ J. Owen Forrester
                                                           J. OWEN FORRESTER
                           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)